IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

BAC LOCAL UNION 15 )
PENSION FUND, et al., )
 )
      Plaintiffs, )
v. ) No.07-0464-CV-W-FJG
 )
MIDLAND MASONRY )
CONTRACTORS, INC., )
 )
      Defendant. )

## ORDER

Presently pending before the Court is Plaintiffs' Motions for Default (Doc. Nos. 9 & 11). Defendant failed to answer or otherwise respond to plaintiffs' First Amended Complaint, and the time for doing so has passed. Defendant further failed to respond to plaintiff's Motions for Default (Doc. Nos. 9 & 11). Defendant was ordered to show cause in writing on or before October 17, 2007, why default judgment should not be granted. See Doc. No. 12. Further, defendant was cautioned that failure to respond to the Court's Order could result in entry of default judgment without further notice. Nonetheless, defendant failed to respond to the Court's Order.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, Midland Masonry Contractors, Inc., and in favor of plaintiffs for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

### COUNT I

1. Judgment in favor of plaintiff, BAC Local Union 15 Pension Fund, and against defendant for the period **January 1, 2005 through June 30, 2006** in the amount

of **ELEVEN THOUSAND, SEVEN HUNDRED SEVENTY-SIX AND 50/100 ($11,776.50) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, THREE HUNDRED FIFTY-FIVE AND 30/100 ($2,355.30) DOLLARS** as and for liquidated damages and **ONE THOUSAND, FIFTY-ONE AND 82/100 ($1,051.82) DOLLARS** representing interest on the unpaid contributions; reasonable attorneys' fees[1]; audit costs, for a total of **FIFTEEN THOUSAND, ONE HUNDRED EIGHTY-THREE AND 62/100 ($15,183.62) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. Judgment in favor of plaintiff Supplemental Pension Fund, and against defendant for the period **January 1, 2005 through June 30, 2006** in the amount of **ONE THOUSAND, SEVEN HUNDRED SIXTY-NINE AND 63/100 ($1,769.63) DOLLARS** in unpaid fringe benefit contributions, **THREE HUNDRED FIFTY-THREE AND 93/100 ($353.93) DOLLARS** as and for liquidated damages and **ONE HUNDRED, THIRTY-TWO AND 71/100 ($132.71) DOLLARS** representing interest on the unpaid contributions; reasonable attorneys' fees; audit costs, for a total of **TWO THOUSAND, TWO HUNDRED FIFTY-SIX AND 27/100 ($2,256.27) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

3. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes

---

[1]For this Count as well as the remaining Counts of Plaintiff's Complaint, plaintiff has requested a substantial amount of attorneys' fees and audit costs without providing any support for said amounts. The Court will not enter a specific award of attorneys' fees and audit costs until it has been presented evidence in support of those amounts.

paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **July 1, 2006,** to date.

4. Judgment in favor of plaintiff, BAC Local Union 15 Pension Fund, and against the defendant for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2006,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

5. Defendant is required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to the BAC Local Union 15 Pension Fund on behalf of employees working under the collective bargaining agreements.

6. Defendant is required to put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

7. Defendant is required to maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of

1974, 29 U.S.C. §1059.

## COUNT II

1. Judgment in favor of plaintiff, BAC Local Union 15 Welfare Fund, and against defendant for the period **January 1, 2005 through June 30, 2006** in the amount of **FOURTEEN THOUSAND, ONE HUNDRED FIVE AND 28/100 ($14,105.28) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, EIGHT HUNDRED TWENTY-ONE AND 06/100 ($2,821.06) DOLLARS** as and for liquidated damages and **ONE THOUSAND, ONE HUNDRED TWENTY-ONE AND 01/100 ($1,121.01) DOLLARS** representing interest on the unpaid contributions; reasonable attorneys' fees; audit costs, for a total of **EIGHTEEN THOUSAND, FORTY-SEVEN AND 35/100 ($18,047.35) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **July 1, 2006,** to date.

3. Judgment in favor of plaintiff, BAC Local Union 15 Welfare Fund, and against the defendant for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said

agreements from **July 1, 2006,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. Defendant is required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to the BAC Local Union 15 Welfare Fund, on behalf of employees working under the collective bargaining agreements.

5. Defendant is required to put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. Defendant is required to maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT III

1. Judgment in favor of plaintiff, BAC Local Union 15 Apprenticeship and Training Fund, and against defendant for the period **January 1, 2005 through June 30, 2006** in the amount of **ONE THOUSAND, TWO HUNDRED ONE AND 08/100 ($1,201.08) DOLLARS** in unpaid fringe benefit contributions, **TWO HUNDRED FORTY AND 22/100 ($240.22) DOLLARS** as and for liquidated damages and **NINETY-FOUR AND 33/100 ($94.33)**

5

Case 4:07-cv-00464-FJG   Document 14   Filed 11/02/07   Page 5 of 7

**DOLLARS** representing interest on the unpaid contributions; reasonable attorneys' fees; audit costs, for a total of **ONE THOUSAND, FIVE HUNDRED THIRTY-FIVE AND 63/100 DOLLARS ($1,535.63)**; and for their costs herein incurred and expended, and that execution issue therefore.

    2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **July 1, 2006,** to date.

    3. Judgment in favor of plaintiff, BAC Local Union 15 Apprenticeship and Training Fund, and against the defendant for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2006,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

    4. Defendant is required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting

6

Case 4:07-cv-00464-FJG   Document 14   Filed 11/02/07   Page 6 of 7

and payment of fringe benefit contributions to the BAC Local Union 15 Apprenticeship and Training Fund on behalf of employees working under the collective bargaining agreements.

5. Defendant is required to put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. Defendant is required to maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## HEARING ON DAMAGES

The Court will hold a hearing regarding an appropriate award of attorneys' fees and audit costs on **NOVEMBER 20, 2007**, at **2:00 p.m.** at the **Charles Evans Whittaker Courthouse, Courtroom 7C, 400 E. 9th Street, Kansas City, Missouri**.

The Clerk of the Court shall mail this Order to Midland Masonry Contractors, Inc., c/o Registered Agent Haskell Britton, Jr., 100 W. Cowden, Pleasant Hope, Missouri 65725, both by first class mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Date: 11/2/07                                               **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                                                     Chief United States District Judge